UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11783-GAO

BRUCE K. WILBORN,
Plaintiff,

v.

JOSHUA WALL, et al.,
Defendants.

ORDER

O'TOOLE, D.J.

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; (2) holds that release from custody is not a remedy available in this action; (3) orders that summonses issue; and (4) denies without prejudice the plaintiff's motion for appointment of counsel.

## I.      Background

On July 22, 2013, Bruce Wilborn, who is incarcerated at MCI Concord, filed a self-prepared civil rights action under 42 U.S.C. § 1983 ("§ 1983"), a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel.  Wilborn claims that the defendants, members of the Massachusetts Parole Board, wrongly (1) revoked his parole; and (2) refused to reparole him after a parole revocation review hearing.  Wilborn seeks a return to parole, or, in the alternative, a new reparole hearing.  He does not seek monetary damages.

## II.     Discussion

### A.      Motion for Leave to Proceed **In Forma Pauperis**

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that he is without assets to prepay the filing fee.  The motion is therefore GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $57.02.  The remainder of the fee, $292.98, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

**B.      Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee,

summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C.

§ 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek

redress from a governmental entity or officers or employees of a governmental entity are subject

to a preliminary screening.  Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a

complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief against a defendant who is immune from such

relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court

liberally construes the complaint because the plaintiff is proceeding pro se.  See Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).

Here, Wilborn has failed to state a claim insofar as he seeks release from custody.  "[A]

prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his

confinement.'  He must seek federal habeas corpus relief (or appropriate state relief) instead."

Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations omitted) (quoting Preiser v. Rodriguez,

411 U.S. 475, 489 (1973)); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges

to the validity of any confinement or to particulars affecting its duration are the province of

habeas corpus . . . .").  Accordingly, the Court cannot entertain any claim for release or equitable

relief that would "demonstrate the invalidity of [Wilborn's] confinement or its duration" or

"spell speedier release."  Wilkinson, 544 U.S. at 82.  However, to the extent that success on

Wilborn's claims "do[] not mean immediate release from confinement or a shorter stay in

prison," but "means at most new eligibility review, which at most will speed consideration" for

parole, id., the plaintiff may pursue this action under § 1983.

**C.      Motion for Appointment of Counsel**

Although the Court "may request an attorney to represent any person unable to afford

counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see

DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel.  To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.  Because the defendants have not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.  The plaintiff may renew the motion once the defendants have been served with and responded to the complaint.

**III.    Conclusion**

Accordingly:

1.      The motion (#2) for leave to proceed in forma pauperis is GRANTED.   Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $57.02.  The remainder of the fee, $292.98, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2.      The Clerk shall issue summonses and the United States Marshal shall serve a copy of the summonses, complaint, and this order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States.  However, as, the Court has explained above, any claim for release is not cognizable under 42 U.S.C. § 1983.  To seek immediate or speedier release, Wilborn must bring a petition under 28 U.S.C. § 2254 after the appropriate exhaustion of state remedies.

3.      The plaintiff shall have 120 days from the date of this order to complete service.

4.      The motion (#3) for appointment of counsel is DENIED WITHOUT PREJUDICE.

3

SO ORDERED.

_  10/11/2013                        _                     _  /s/ George A. O'Toole, Jr.                _
DATE                                                            GEORGE A. O'TOOLE, JR.
                                                                    UNITED STATES DISTRICT JUDGE